UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY WARREN RADFORD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 1720 RWS |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the United States of America's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of jurisdiction and failure to state a claim.

Background Facts

*Pro se* plaintiff Ricky Warren Radford is a veteran and alleges a service-connected disability. He and his wife Genevieve Rebecca Radford allege that the Department of Veterans Affairs and its employees failed to adequately treat Mr. Radford, falsified and/or omitted information from his medical records in violation of his constitutional rights, and failed to properly diagnose him with traumatic brain injury (TBI), leading to an improper determination that he was 70% disabled instead of 100% disabled. Mrs. Radford makes a separate claim for loss of consortium. Plaintiffs appear[1] to allege violations of: the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*; the Fourth, Fifth and Fourteenth Amendments; two criminal statutes (18 U.S.C. §§ 241 and 242); veterans' benefits statutes (38 U.S.C. §§ 1710, 1712A, and 7402); the Whistleblower Protection Program provisions in Section 1558 of the Affordable Care Act, 28 U.S.C. § 218c; various federal regulations and policy manuals; and, claims under several Missouri

---

[1] Plaintiffs' rambling amended complaint [13] contains no separately alleged counts, so it is difficult to discern the claims actually being alleged, but these are the various statutes and constitutional provisions mentioned within the amended complaint.

statutes. Plaintiffs have sued the United States of America and various other individual federal defendants,[2] who may or may not have been properly served and who have not yet entered appearances in this case. However, as plaintiffs' claims against all defendants fail for the reasons set out below, the case will be dismissed in its entirety and I need not – and therefore do not – reach issues related to the sufficiency of service of process as to the individual defendants.

Discussion

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Where the federal government seeks dismissal for lack of subject-matter jurisdiction, the burden of showing both a waiver of sovereign immunity and a grant of jurisdiction falls on the plaintiffs. *V S Ltd. P'Ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the "factual content . . . allows

---

[2] Plaintiffs do not properly identify these named individuals, but merely allege in conclusory fashion that they are all federal employees working for the Department of Veterans Affairs.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Federal Tort Claims Act

The United States possesses sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This immunity can be waived, but the waiver must be clear and unmistakable. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, was enacted by Congress as "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc). "In relevant part, the FTCA's liability and jurisdiction-conferring language provides that federal district courts have 'exclusive jurisdiction' over claims against the United States for money damages for 'personal injury or death caused by the negligent or wrongful act or omission' of federal employees 'under certain circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674). "Thus, while the extent of the United States's liability under the FTCA is generally determined by reference to state law, the adjudicatory capacity over such claims is strictly limited to the various federal district courts." *Id.* (internal quotation marks, citation, and alteration omitted). 28 U.S.C. § 2675(a)

3

provides that "an [FTCA action] shall not be instituted upon a claim against the United States . . . unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The United States Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicated that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). "§ 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader*, 654 F.3d at 805.

Here, Mr. Radford filed an administrative claim for the issues arising out of the amended complaint on September 28, 2015. The FTCA affords the Federal agency six months to review the claim and issue its response. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section."). Plaintiffs filed this action on November 18, 2015, well before the six-month review period expired on March 26, 2016. As such, this Court lacks subject-matter jurisdiction over Mr. Radford's FTCA claims and they must be dismissed. That Mr. Radford now has a letter denying his administrative claim from the defendant United States [60] does not change this result, as the FTCA's exhaustion requirement is a "jurisdictional prerequisite to filing suit, and the Court is obligated to dismiss cases over which it lacks subject matter jurisdiction." *Taylor v. Clark*, 821 F. Supp. 2d 370, 374-75 (D.D.C. 2011). "Under the FTCA, a court suit filed before exhaustion does not ripen but suit is barred." *Velez-Diaz v. United States*, 507 F.3d 7171, 718 (1st Cir. 2007) (FTCA case filed before denial of administrative claim was properly dismissed for failure to exhaust administrative remedies even where denial letter was

received while case was pending; receipt of denial letter "left the plaintiffs free to file a federal law suit against the United States within six months of the denial.") (citing 28 U.S.C. § 2401(b)). Mrs. Radford's loss of consortium claim must also be dismissed for lack of subject matter jurisdiction as she has not even filed an administrative claim. *See Mader*, 654 F.3d at 805.

Federal Criminal and Veterans' Benefits Statutes and Federal Regulations and Guidebooks

In their amended complaint, plaintiffs mention: two criminal statutes, 18 U.S.C. § 241 (conspiracy against rights) and § 242 (deprivation of rights under color of law); three veterans' benefits statutes, 38 U.S.C. § 1710 (eligibility for hospital, nursing home, and domiciliary care), § 1712A (eligibility for readjustment counseling and related mental health services), and § 7402 (qualifications of appointees); and, various federal regulations (38 C.F.R. §§ 3.103 and 3.105) and policy manuals (VA/DOD Clinicians Practice Guide and the VA/DOD Clinical Practice Guidelines for the Management of Concussion/Mild Traumatic Brain Injury). These claims will be dismissed as plaintiffs have no private right of action under these statutes, regulations or guidebooks. *See Lundt v. Hodges*, 627 F. Supp. 373, 375 (N.D. Iowa 1985) (no private rights of action under criminal statutes); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (same); *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1387 (2015) (federal statutes phrased as directives to federal agencies lack rights-creating language needed to imply a private right of action); *Syngenta Seeds, Inc. v. Bunge North America, Inc.*, 773 F.3d 58, 63 (8th Cir. 2014) (private right of action to enforce federal law must be created by Congress and evidenced by an intent to create not just a private right but also a private remedy) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).

Whistleblower Protection Program, 29 U.S.C. § 218c

Plaintiffs cannot state a claim under the Whistleblower Protection Program provisions of the Affordable Care Act, 29 U.S.C. § 218c, because it applies only to the discharge of an employee, and plaintiffs are not, and have never been, employees of the Department of Veterans Affairs.

Constitutional Tort and Civil Rights Claims

Plaintiffs also allege constitutional tort and civil rights claims under the Fourth and Fourteenth Amendment (*Bivens*[3] claims), 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Mr. Radford asserts that he has been denied due process with regard to the deprivation of his property in the form of terminating or reducing his veterans' benefits. To the extent plaintiffs attempt to assert *Bivens* claims against defendant United States, they are precluded by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 998 (1994); *Washington v. Drug Enforcement Administration*, 183 F.3d 868, 873 (8th Cir. 1999). 42 U.S.C. §§ 1983 and 1985 do not contain a waiver of sovereign immunity, either. *See Settles v. United States Parole Commission*, 429 F.3d 1098, 1105 (D.D.C. 2005) (United States immune from suit under § 1983); *Mousseaux v. United States*, 28 F.3d 786 (8th Cir. 1994) (United States immune from suit under § 1985). Moreover, employees of the United States such as the individual defendants named in the amended complaint "may not be sued for torts they commit while acting within the scope of their employment" as the "remedy provided by the [FTCA] is exclusive." *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996).

Such claims are also precluded as to all defendants by the Veterans Judicial Review Act of 1988 (VJRA). The VJRA created the Court of Appeals for Veterans Claims and vested it with

---

[3]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits private damages actions to be brought against a federal official for civil rights violations.

exclusive jurisdiction over disputes involving veterans' benefits. 38 U.S.C. § 7252. The Secretary of Veterans Affairs has the authority to decide all issues relating to the provisions of veterans' benefits, 38 U.S.C. § 511(a), and to the extent the Secretary's decisions are subject to judicial review, such review is vested exclusively with the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252. This statutory review process "deprives a federal district court of subject matter jurisdiction" over veterans' benefits decisions. *Duke v. United States*, 305 F. Supp. 2d 478, 489 (E.D. Pa. 2004). This is true where, as here, claims are advanced under *Bivens, Mehrkens v. Blank*, 556 F.3d 865, 869-70 (8th Cir. 2009), as the Secretary is empowered to decide questions of constitutional law. *Hicks v. Veterans Administration*, 961 F.2d 1367, 1369-70 (8th Cir. 1992). Because the substance of plaintiffs' allegations involves a benefits determination, this Court lacks jurisdiction over the claims. *Jones v. United States*, 727 F.3d 844, 848-49 (8th Cir. 2013). Plaintiffs' §§ 1983 and 1985 claims fail because these statutes "regulate officials acting under color of any statute of any '*State of Territory*.' 42 U.S.C. §§ 1983 and 1985 (emphasis added). Because the VJRA was enacted under *federal* law, §§ 1983 and 1985 do not apply." *Mehrkens*, 556 F.3d at 870-871 (emphasis in original).

<u>Missouri state law claims</u>

To the extent plaintiffs attempt to assert medical malpractice and loss of consortium claims against defendants under state law, those claims are precluded by the FTCA which provides the exclusive remedy for tort claims against the United States and its employees acting within the scope of their employment. *Brown v. Armstrong*, 949 F.2d 1007, 1012-13 (8th Cir. 1991). To the extent plaintiffs attempt to assert claims under Chapter 334 of the Missouri Revised Statutes (334.097.3 – modification of medical records and 334.100.4(k) – termination of medical care

7

without notice), the Court declines to exercise supplemental jurisdiction over any alleged claims as it is dismissing all federal claims. Under 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim . . . [i]f the district court has dismissed all claims over which it has original jurisdiction." "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c)(3) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ." *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006). Without commenting on the adequacy of any alleged claims that may exist under these cited provisions of Missouri law, I will exercise my discretion and dismiss them without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [24] is granted, and plaintiffs' FTCA claims are dismissed without prejudice for lack of subject matter jurisdiction, plaintiffs' state law claims (other than for medical malpractice and loss of consortium) as to all defendants are dismissed without prejudice, and plaintiffs' remaining claims as to all defendants are dismissed.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2016.